IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CONSTRUCTION WORKERS' TRUST    \*
FUND, ET AL.
    \*
    \*
  v.    \*    Civil No. – JFM-16-3526
    \*
SPINIELLO COMPANIES, INC.    \*
    \*\*\*\*\*\*

## MEMORANDUM

This is an action by four employee welfare benefit plans and by a management-labor association as defined by the Labor Management Cooperation Act of 1978. Plaintiffs have alleged that defendant has not made required contributions to them under a collective bargaining agreement. Defendant has filed a motion to dismiss which will be treated as one for summary judgment because it refers to matters outside of the Complaint.

The issue presented is whether defendant was party to any collective bargaining agreement. Plaintiffs allege that the collective bargaining agreement was signed by Spinello Construction Company – which defendant alleges is unrelated to it – in 1994, and that the agreement continued to renew itself in perpetuity by reason of an "Evergreen Clause" that it contained. However, this agreement was not extended beyond 1996 but was terminated by the Union and the Maryland Heavy and Contractors Association, Inc. every three years from 1996 through 2017. When an Evergreen Clause is nullified, the collective bargaining agreement is not automatically renewed, but rather is terminated, changed and replaced with new terms and conditions. *See Bridgestone/Firestone, Inc.*, 331 NLRB 205 (2000). Moreover, in 2005, defendant notified the Union that it would assume the 2005-2008 collective bargaining

agreement negotiated by the Union and the Association but only on a projects specific basis, i.e. for a specific project.  Further, on January 29, 2008, the Union contacted defendant to advise it that it intended to re-negotiate and not automatically renew the 2005-2008 collective bargaining agreement.  Defendant never entered into negotiations with the Union and never authorized the Association to negotiate on its behalf.  In 2014, the Union contacted defendant with a request that defendant enter into a new collective bargaining agreement but defendant refused to sign the collective bargaining agreement.

Plaintiffs rely upon the fact that the defendant made contributions for 11 employees.  However, defendants point out that the 11 employees constituted only approximately 1% of its Maryland employees, and that the statement was made by mistake.

A separate order granting defendant's motion to dismiss, treating it as a motion for summary judgment, is being entered herewith.


Date:   January 20, 2017             _/s/_____
                                      J. Frederick Motz
                                      United States District Judge